## STERLING v. JUGENHEIMER.

1. **Slander**: CHARGING THE PURCHASE OF LIQUORS. To falsely charge one with the purchase of liquors from one who commits a crime by selling them is not actionable *per se*, as the words do not charge the commission of a crime,—the purchaser not being *particeps criminis* with the seller in such a case. *Wakeman v. Chambers, ante,* 169, followed.

*Appeal from Washington District Court.*

FRIDAY, JUNE 18.

ACTION for the recovery of damages on account of the publication by defendant of certain alleged slanderous words of and concerning plaintiff. The district court sustained a demurrer to the petition, and, plaintiff electing to stand thereon, judgment was entered against him for costs, and he appeals.

*E. W. Stone*, for appellant.

*Wilson & Kellogg*, for appellee.

REED, J.—The alleged slanderous publication was to the effect that plaintiff, on several occasions in the month of March, 1885, went into a saloon kept by one Donovan, and there purchased certain intoxicating liquors from said Donovan, and that such liquors were kept by said Donovan in said saloon with intent to sell the same contrary to law, and the sales to plaintiff were made in violation of law, and that plaintiff then and there encouraged, requested, solicited and directed said Donovan to sell said liquors to him in violation of the statutes of this state. The grounds of the demurrer were (1) that it was not alleged that plaintiff sustained any special damages in consequence of said publication; and (2) that the words spoken do not impute to plaintiff commission of a public offense, and are not actionable *per se*. We had occasion, in the case of *Wakeman v. Chambers*, *ante*, 169, to consider the question whether the purchaser of intoxicating liquor which is sold in violation of the statute of this state is an accomplice in the crime committed by the seller, and we there held that he could not be regarded as such accomplice. Following that holding, the judgment in the present case should be

AFFIRMED.